IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

---

Courtroom Deputy: Deborah Hansen
Court Reporter: Terri Lindblom

Date: November 26, 2014
Probation: Nicole Peterson

---

Criminal Action No. 13-cr-00159-13-WJM

*Counsel:*

UNITED STATES OF AMERICA,

Plaintiff,

Susan Knox

v.

13. JAMILA POWERS,

Defendant.

Abraham Hutt

---

## COURTROOM MINUTES

---

HEARING - SENTENCING

10:02 a.m. Court in Session

Appearances

Defendant is present and in custody

Oath administered to the defendant.

Sentencing Statement by Ms. Knox

Sentencing Statement by Mr. Hutt

The Court addresses Jamila Powers' Objections to the Pre-Sentence Report [1140].

**ORDERED: Due to the revisions made by the probation officer, a number of the defendant's objections are moot. With regard to the remaining objections, the Court finds that the defendant's objections will not affect sentencing; and therefore, pursuant to Rule 32 (i)(3)(B), no ruling on the remaining objections is necessary.**

**ORDERED: There being no objection to the motion, the Government's Motion Regarding Acceptance of Responsibility [1141] is GRANTED.**

**ORDERED: There being no objection to the motion, the Government's Motion to Dismiss Counts Seven And Twenty-Three of the Indictment as to Defendant Jamila Powers [1142] is GRANTED. Counts Seven And Twenty-Three of the Indictment are DISMISSED as to Defendant Jamila Powers ONLY.**

The Court addresses Restricted [1146].

10:16 - 10:26 Bench conference

**ORDERED: Restricted [1146] is GRANTED.**

The Court addresses Jamila Powers' Motion For Non-Guidelines Sentence [1151].

**ORDERED: To the extent that Jamila Powers' Motion For Non-Guidelines Sentence [1151] seeks a sentence below 50 months, the motion is DENIED. To the extent the motion seeks a downward variant sentence commensurate to the sentence the Court is going to impose in response to the Government's motion for downward departure, the motion is DENIED AS MOOT**.

Defendant's Allocution

Mr. Hutt's comments

The defendant requests the Court recommend placement at a facility in Illinois. The Government does not object.

| Defendant plead guilty to Count One of the Indictment and admitted to the general notice of forfeiture on June 11, 2014. |
|---|

**ORDERED: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that the defendant, Jamila Powers, is hereby committed to**

**the custody of the Bureau of Prisons to be imprisoned for a term of 56 months.**

**In serving this term of incarceration the Court recommends that the Director of the Bureau of Prisons give defendant full credit for her time served in pretrial detention.**

**The Court recommends that the Bureau of Prisons place the defendant at a facility appropriate to her security designation located within the federal district in Illinois identified by Defendant's counsel prior to entry of judgment.**

**The Court recommends that the Bureau of Prisons designate an institution for the defendant with a Residential Drug Abuse (RDAP) or comparable substance abuse Program, and that the defendant take advantage of such a program during her imprisonment.**

**ORDERED: Upon release from imprisonment defendant is placed on supervised release for a term of five years.**

**Within 72 hours of release from the custody of the Bureau of Prisons the defendant must report in person to the probation office in the district to which defendant is released.**

**While on supervised release the defendant shall not commit another federal, state or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and defendant shall comply with the standard conditions adopted by this Court.**

**The defendant shall not unlawfully possess and she shall refrain from unlawfully using a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervised release and two periodic tests thereafter.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

**ORDERED: Special Conditions of Supervised Release:**

**1. The defendant shall participate in and she successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or**

**other intoxicants during the entire time of supervised release and she shall pay the cost of treatment as directed by the probation officer.**

2. **The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the Presentence Report for continuity of treatment.**

3. **The defendant shall remain medication compliant and shall take all medications that are prescribed by her treating healthcare provider. The defendant shall cooperate with random blood tests as requested by her treating healthcare provider and/or supervising probation officer to ensure that a therapeutic level of her prescribed medications is maintained.**

4. **The defendant shall submit her person, property, house, residence, papers, or office, to a search conducted by a United States Probation Officer. Failure to submit to search may be grounds for revocation of Supervised Release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of her supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.**

5. **The defendant shall not associate with nor shall she have contact with any gang members and she shall not participate in any gang activity, to include displaying gang paraphernalia.**

**ORDERED: Pursuant to Rule 32.2 of the Fed. Rules of Crim. P. and the defendant's admission to the Forfeiture Allegation in the Indictment, the defendant shall forfeit to the United States any and all property, real or personal, derived from the proceeds from the instant offense and as stipulated to in the Plea Agreement.**

**ORDERED: The Special Assessment fee of $100 is imposed, due and payable immediately.**

**ORDERED: Defendant has no ability to pay a fine, and the fine is waived.**

Defendant advised of her right to appeal her conviction, as well as the sentence imposed, except in very limited circumstances.

Discussion

**ORDERED: The Probation Office will not send the Judgment to Chambers for signature until December 10, 2014.**

**ORDERED: Defendant is REMANDED to the custody of the U.S. Marshal.**

10:52 a.m. Court in Recess
Hearing concluded
Time: 50 minutes